LETTS, Chief Judge,
concurring specialty-
There can be no doubt but that we must affirm the trial court’s finding as to the permanent periodic alimony award under the circumstances of this case and the supreme court’s ruling in Canakaris. This is particularly true when, as here, the husband has not contested his ability to pay it and only questions the wife’s need.
There remains the problem, posed after the final judgment, of whether the wife committed a fraud on the court when she testified at the final hearing. During direct examination it was brought out that she had borrowed $2,000.00 from one Shirley Agnew to pay outstanding bills without revealing that she had money on hand, 'obtained by withdrawing funds from a credit union. However, the problem with this claim of fraud is that the wife nowhere testified that she was penniless at the time of borrowing and in fact admitted to having at least $800 in her bank account. Further, it* is uncontroverted that she did borrow the $2,000.00 and had made at least eleven payments on the house mortgage during the pendency of the divorce. (It is hard to pinpoint the total of these payments, but even by the husband’s reckoning it was at least $2,750.00.) I can find no suggestion in her testimony that the wife ever denied withdrawing monies from the credit union, or from any other of her assets for that matter. The question simply did not come up.
Finally, the judgment of dissolution did not order the $2,000.00 reimbursement to the wife to repay Shirley Agnew or any other particular indebtedness, it merely ordered it as “reimbursement ... for support and maintenance incurred during the pen-dency of this litigation.” Even including the $3,000.00 awarded to her as temporary relief, there can be no doubt but that the wife incurred in excess of $5,000.00 during that period.
This special concurrence contributes nothing to the body of the law and I agree our decision should be nothing more than an uninformative affirmance. That is not to say our conclusion is not of extraordinary significance to the litigants. It is simply to say that in the wake of Canakaris, protracted discussions of the trial court’s actions in this cause add nothing to the law, in the absence of a clear abuse of discretion which I cannot find in this record.
*177 However, this consolidated appeal, was filed in the fall of 1978 and oral argument had on it in January of 1980. As a consequence I consider it appropriate to comment on our reasoning so that all may know the case was not just forgotten and then rubber stamped.